UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
HECTOR MENDEZ,

                      Petitioner,

         -against-

WILLIAM J. CONNELLY, Superintendent,
   Fishkill Correctional Facility,

                      Respondent.
----------------------------------------------------------x

**MEMORANDUM & ORDER**

09 CV 2234 (RJD)

DEARIE, Judge.

      Petitioner Hector Mendez was convicted, following a jury trial, of two counts of gang assault in the first degree, in violation of New York Penal Law §120.07, and sentenced to two determinate terms of five years, to run consecutively. The Appellate Division affirmed his conviction, People v. Mendez, 856 N.Y.S.2d 204 (2d Dep't 2008), and the New York Court of Appeals denied leave to appeal. People v. Mendez, 10 N.Y.3d 962 (2008). Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He claims that the evidence was insufficient to support the jury's verdict, and that the imposition of consecutive sentences violates New York law.[1] Petitioner raised the same two claims on direct appeal, where the Appellate Division found them both meritless.

      As the Supreme Court has recently reiterated, "a state prisoner seeking a writ of habeas corpus from a federal court 'must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Bobby v.

---

[1] Online records of the New York State Department of Corrections indicate that petitioner was paroled February 28, 2012, but because he challenges the underlying conviction as well as the sentence, his petition is not moot. See generally Spencer v. Kemna, 523 U.S. 1, 8 (1998).

Dixon, 565 U.S. __, 132 S. Ct. 26, 27 (2011) (per curiam) (quoting Harrington v. Richter, 562 U.S. __, __, 131 S. Ct. 770, 786-87 (2011)).[2] Petitioner has not made this formidable showing on either of his claims.

With respect to sufficiency, petitioner admits that the evidence established his participation in an early morning "melee between two gangs of men" on a Brooklyn street, but argues that the evidence does not establish that he acted with the requisite intent to commit serious injury or to aid those who did. The Appellate Division concluded:

> Viewing the evidence in the light most favorable to the prosecution, . . . we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power . . . we are satisfied that the verdict of guilt was not against the weight of the evidence.

Mendez, 856 N.Y.S. 2d at 924.

To obtain habeas relief, petitioner would have to show that the Appellate Division's view of the matter was an objectively unreasonable application of Supreme Court law. In the sufficiency context, that law is the standard of Jackson v. Virginia, 443 U.S. 307 (1979). As the Supreme Court has recently reaffirmed,

> [t]he opinion of the Court in Jackson[ ] makes clear that it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury.

Cavazos v. Smith, 565 U.S. __, __, 132 S. Ct. 2, 3 (2011) (per curiam).

---

[2] The Court assumes the parties' familiarity with the record and with the requirements for habeas relief under the Antiterrorism and Death Penalty Act of 1996 ("AEDPA"). See 28 U.S.C. § 2254(d); Renico v. Lett, 559 U.S. __, __, 130 S. Ct. 1855, 1862 (2010) ("unreasonable application of federal law" must be "objectively unreasonable"; . . . "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings," . . . and "demands that state-court decisions be given the benefit of the doubt") (internal quotations omitted).

Further,

> Jackson says that evidence is sufficient to support a conviction so long as "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." . . . It also unambiguously instructs that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record— that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

Id. (quoting Jackson, 443 U.S. at 319) (emphasis in Jackson). See also Langston v. Smith, 630 F.3d 310, 314 (2d Cir. 2011) (under Jackson, "judges must be highly deferential to the jury's verdict of conviction" and "uphold the jury's verdict unless the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury [could convict]") (internal quotation marks omitted), cert. denied, 132 S. Ct. 366 (2011).

Applying AEDPA in tandem to the deference that Jackson requires in the sufficiency context, Mendez must show that it was objectively unreasonable for the Appellate Division to have concluded that the jury's verdict was not irrational. His efforts in this respect are unsuccessful. While the evidence was not overwhelming, there was testimony that petitioner, in bloodied clothing, was apprehended only three blocks from the brawl by officers responding to the 911 call that the brawl triggered, and that he and his companions were in clothes matching the general description given by the 911 caller. Petitioner's two companions were also in bloodied clothing, and forensics established a match between the blood on one of these two men and one of the victims. Finally, one of the officers who apprehended petitioner testified, without objection, that an eyewitness to the start of the brawl identified petitioner, at the time he was apprehended, as one of the men who had just "jumped" his friends. (That same witness could not say who committed the actual stabbings and was unable to identify petitioner at trial). Given

that petitioner admits his participation in the melee but disputes only the issue of intent, this Court concludes, on the basis of this record, that it was not unreasonable for the Appellate Division to have concluded that a rational juror could have inferred that petitioner acted with the intent required for a conviction of first-degree gang assault. [3]

Turning to the sentencing claim, petitioner asserts that the requirement for consecutiveness under the applicable state statute was not met because, although there were two complainant-victims of the melee, they were injured in a "single show of force."

The Appellate Division rejected this claim, Mendez, 834 N.Y.S.2d at 924-25, and that ruling is not reviewable here because petitioner is not challenging the constitutionality of the applicable state statute but only how it was applied in his case. That is a state law question not cognizable on habeas. See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Further, gang assault in the first degree is a class B violent felony carrying a maximum sentence of twenty-five years. See N.Y. Penal Law §§ 120.07, 70.02. Because petitioner's total sentence of ten years is well below the maximum for a single count of conviction, his challenge to his sentence does not present a constitutional question. Green v. Ercole, 2009 WL 5178437, *6 (E.D.N.Y. Dec. 31, 2009) (ARR) ("In the Second Circuit, "[n]o federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law" (quoting White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992)).

---

[3] Under New York law, "[a] person is guilty of gang assault in the first degree when, with intent to cause serious physical injury to another person and when aided by two or more persons actually present, he causes serious physical injury to such person or to a third person." N.Y. Penal Law §120.07. An individual is criminally liable as an accessory when, "acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes or intentionally aids such person." N.Y. Penal Law § 20.00.

4

In any event, petitioner's challenge to his sentence is frivolous. As the Appellate Division explained, in a plenary discussion,

> The defendant contends that since both convictions arose out of a single transaction, a fight between two groups in which the victims incurred serious stab wounds and other physical injuries, Penal Law §70.25 required the imposition of concurrent sentences. The defendant asserts that he had one "general" intent to attack and assault the victims collectively, and that none of his violent actions could be determined as directed towards any one particular victim of the second group. There is no merit to this contention.
>
> The applicable sentencing provision, Penal Law §70.25, states [that multiple sentences run concurrently if] "imposed on a person for two or more offenses committed through a single act" . . .
>
> However, where the convictions are based on separate and distinct acts which are independently punishable, consecutive sentences are permitted. . . . In this instance, as the People correctly contend, the two offenses of which the defendant was convicted were committed through the separate and distinct acts of the stabbing of two separate individuals by members of the defendant's group. Thus, the imposition of consecutive sentences was permissible.

Mendez, 856 N.Y.S.2d at 924-25.

Petitioner has not shown that the Appellate Division's conclusion was legally or factually unreasonable within the meaning of section 28 U.S.C. § 2254(d)(1) or (2) or otherwise "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Dixon, 132 S.Ct. at 27 (2011).

## CONCLUSION

Petitioner Hector Mendez's application for a writ of habeas corpus under 28 U.S.C. §2254 is denied and the petition is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

5

appeal would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
     May _/_, 2012

                              s/ Judge Raymond J. Dearie

                              RAYMOND J. DEARIE
                              United States District Judge